IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| MCI CONSTRUCTORS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HAZEN AND SAWYER, P.C., a North Carolina Corporation and CITY OF GREENSBORO, NORTH CAROLINA, a municipality organized under the laws of North Carolina, <br><br> Defendants. | Case Nos. 1:99CV-00002; 1:02CV00396 <br><br> **CITY OF GREENSBORO'S APPLICATION TO CONFIRM ARBITRATION AWARDS AND MOTION FOR ENTRY OF JUDGMENT AGAINST NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** |

Now comes the City of Greensboro (the "City") and applies to this Court for confirmation of arbitration awards as against National Union Fire Insurance Company of Pittsburgh, PA ("National Union") pursuant to 9 U.S.C. § 9 and moves for entry of judgment against National Union based on such awards. In the alternative, the City moves for entry of judgment against National Union pursuant to this Court's inherent power to enforce the settlement agreement between the City and National Union. In support of this application and motion, the City shows the Court the following:

1. The City, National Union, and MCI Constructors, LLC ("MCI") entered into an Arbitration Agreement ("Agreement"), attached as Exhibit 1 to the Declaration of William Cary ("Cary Decl."), filed in this case (Docket No.512) in support of the City's Response to MCI's Motion to Vacate.

2. Pursuant to the Agreement, arbitrators were appointed (Cary Decl. 3, Exs. 2, 3 and 4), who then conducted a bifurcated arbitration and issued two awards: the "Award of Arbitrators" dated June 20, 2007 (Docket No. 499-2 and Cary Decl. Ex. 37) (the "Liability Award"), finding that the "City's termination of MCI's performance . . . was for cause"; and, the "Award of Arbitrators" dated April 17, 2008 (Docket No. 503 and Cary Decl. Ex. 58) (the "Damages Award"), ruling that the "City is entitled to recover from MCI the sum of FOURTEEN MILLION NINE HUNDRED THIRTY-NINE THOUSAND AND FOUR DOLLARS ($14,393,004) with interest at the federal judgment rate from [February 5, 2003]." The Agreement does not set a deadline within which to make the Awards; the parties agreed that the arbitrators would have 60 days (30 more than specified in AAA rule 42) following receipt of the closing argument transcript in which to render their Damages Award. See Exhibit A.

3. In the Agreement, National Union "agrees to be bound to pay any award in favor of the City against MCI within thirty (30) days of the arbitrators' award . . . . [and] not to further contest any issues raised in the pending litigation to date or in the Arbitration(s)." Cary Decl., Ex. 1, p. 4.

4. Previously, this Court entered summary judgment against National Union on all of its affirmative defenses (Docket No. 413), and that ruling was affirmed by the Fourth Circuit. Docket No. 432.

Therefore, pursuant to said Agreement and 9 U.S.C. § 9, the City applies to this Court for confirmation of both Awards as against National Union and moves pursuant to Rule 59(b) Fed.R.Civ.Proc. and Local Rule 7.3 and the Court's inherent power to enforce the Agreement for entry of judgment against National Union in the amount of $14,939,004.00, plus interest at the federal judgment rate from February 5, 2003 until paid. In support of this Application and Motion, the City is filing a Memorandum and relies on the previously filed Declaration of William Cary.

Respectfully submitted, this the 17th day of June, 2008.

                                        /s/ William P.H. Cary
Michael D. Meeker, Esq.
N.C. State Bar No. 2964
George W. House, Esq.
N.C. State Bar No. 7426
William P.H. Cary, Esq.
N.C. State Bar No. 7651
Brooks Pierce McLendon Humphrey
  & Leonard, L.L.P.
Post Office Box 26000
Greensboro, North Carolina 27420-6000
*Counsel for The City of Greensboro, North Carolina*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **CITY OF GREENSBORO'S MOTION TO CONFIRM ARBITRATION AWARDS AND ENTER JUDGMENT AGAINST NATIONAL UNION FIRE INSURANCE COMPANY** has been electronically filed using the CM/ECF system, and the following parties were served via the Court's electronic notification system:

    C. Allen Foster, Esq.
    fostera@gtlaw.com
    Eric C. Rowe, Esq.
    rowee@gtlaw.com
    David S. Panzer, Esq.
    panzerd@gtlaw.com
    Greenberg Traurig, LLP

    Steve Pharr, Esq.
    spharr@pharrlaw.com
    Stacey D. Bailey, Esq.
    sbailey@pharrlaw.com
    Pharr & Boynton, PLLC

    Thomas A. Farr, Esq.
    thomas.farr@ogletreedeakins.com
    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

    I also hereby certify that I have mailed the same document identified above to the following non-CM/ECF participants by depositing a copy of the same in the United States Mail, first class postage prepaid, addressed as follows:

    Robert M. Moore, Esq.
    Charles C. H. Lee, Esq.
    Moore & Lee, L.L.P.
    1750 Tysons Boulevard, Suite 1160
    McLean, VA 22102-4225

    John M. Gillum, Esq.
    Manier & Herod
    150 Fourth Avenue North, Suite 2200,
    Nashville, TN 37219-2494

    This the 17th day of June, 2008.

                                       s/William P.H. Cary