**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| **MCI CONSTRUCTORS, LLC** | ) | **Case Nos. 1:99CV00002; 1:02CV00396** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **HAZEN AND SAWYER, P.C., a North Carolina Corporation and CITY OF GREENSBORO, NORTH CAROLINA, a municipality organized under the laws of North Carolina,** | ) | |
| **Defendants.** | ) | |

**RESPONSE OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA IN RESPONSE TO THE CITY OF GREENSBORO'S MOTION TO CONFIRM AWARDS AGAINST NATIONAL UNION**

National Union Fire Insurance Company of Pittsburgh, PA ("National Union") files this Response in Opposition to the City of Greensboro's ("City") Application to Confirm Arbitration Awards and Motion for Entry of Judgment against National Union.

**NATURE OF THE MATTER BEFORE THE COURT**

Pursuant to an Arbitration Agreement, the City and MCI Constructors, LLC ("MCI") submitted their disputes to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. The arbitrators rendered a Liability Award (Docket Entry No. 499) and a Damages Award (Docket Entry No. 503). Most notably, both the Liability Award and the Damages Award are in favor of the City and against MCI only. National Union was not a party to the arbitration, and the arbitrators did not render any awards on either liability or damages against National Union.

The City now seeks to have both awards confirmed pursuant to 9 U.S.C. § 9 and requests entry of Judgment pursuant to 9 U.S.C. § 9 against National Union. Alternatively, the City seeks to have this Court enforce the Arbitration Agreement between the City and National Union pursuant to an alleged inherent power of this Court to enforce an agreement which is not the subject of the pleadings filed against National Union in this cause.

Notably, the City is attempting to confirm an arbitration awards against a non-party to the arbitration, National Union, and the City further seeks a Judgment against National Union forcing it to pay the arbitration awards before they are even final or binding against MCI, which was the party in the arbitrations with the City. MCI has timely filed its Motions to Vacate the Arbitration Awards (Docket Entry Nos. 497 and 541), and the awards are not final and binding.

## ARGUMENT

### I. The Arbitration Awards Cannot be Confirmed Against National Union pursuant to 9 U.S.C. § 9.

As the City admits in its application and memorandum, the arbitration between the City and MCI is subject to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* 9 U.S.C. § 9 provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this title.

The awards rendered by the arbitrators in this cause are awards in favor of the City and against MCI, not National Union. 9 U.S.C. § 9 does not provide the Court with the power to confirm these awards against anyone other than MCI. Pursuant to 9 U.S.C. §§ 10 and 11, this Court can vacate, modify or correct the awards but only for the grounds set forth therein which does not include rewriting the awards against a non-party to the arbitration.

Consequently, there is no basis under the Federal Arbitration Act, 9 U.S.C. §1, *et seq*. to support the City's application to confirm the arbitration awards against National Union.

II. The City Cannot Obtain a Judgment for Specific Performance and/or Damages Arising out of the Arbitration Agreement at this Time.

Alternative to its request that this Court confirm the arbitration awards against National Union pursuant to 9 U.S.C. § 9, the City seeks enforcement of the Arbitration Agreement against National Union pursuant to this Court's alleged inherent power to enforce the Arbitration Agreement against National Union. Procedurally, this is incorrect.

National Union has only been sued in this cause by the City as the surety for MCI under its performance bond for this project. (Docket Entries Nos. 246 & 252) At the time that National Union was brought into this suit as a Counter-Defendant by the City, the Arbitration Agreement did not even exist. The City has not amended its pleadings to seek specific performance or damages as a result of alleged breaches of the Arbitration Agreement by National Union. Further, the City has not filed a separate action to do so. Despite the foregoing, the City is essentially requesting that this Court decide a contract dispute that is not before this Court and requesting that this Court decide the rights and

obligations of the parties pursuant to the terms of the Arbitration Agreement, decide if there was a breach and by whom, decide whether the agreement can be enforced and by whom, and decide whether either party is entitled to be awarded specific performance and/or damages. Procedurally, that contract and those issues are not properly before this Court.

Presently, the City has not filed an amendment or a new suit against National Union for breach of the Arbitration Agreement. The Counter-Complaint filed against National Union in this cause makes no reference to alleged breaches of the Arbitration Agreement, which was not even in existence at the time of its filing. Rule 8 of the Federal Rules of Civil Procedure requires, at a bare minimum, notice pleading. North Carolina law further confirms that under the notice theory of pleading, a case must be tried on the issues raised by the pleadings. *Gilbert v. Thomas*, 64 N.C.App. 582, 307 S.E.2d 853 (1983). Moreover, the Court in *Talley v. Harriss Granite Quarries Company*, 174 N.C. 445, 447, 93 S.E. 995, 996 – 997 (1917) provided that:

> ". . . it has so often been said, as to have grown into an axiom that proof without allegation is as unavailing as allegation without proof. There must, under the old or new system of pleading, be allegate and probate, and the two must correspond with each other. When the proof materially departs from the allegation, there can be no recovery without an amendment."

Consequently, it would be procedurally improper and a violation of due process for this Court to make any rulings on the Arbitration Agreement until that cause of action is properly before this Court and the issues have been properly litigated.

III. The City Cannot Enforce the Arbitration Awards Against National Union until the Awards are Final and Binding as to MCI.

Without waiving its position that the Arbitration Agreement and disputes associated therewith are not properly before this Court, National Union submits that the only reasonably interpretation of the Arbitration Agreement is that National Union's obligation, as guarantor for MCI pursuant to the Arbitration Agreement, only arises when the awards are final and binding against MCI.

Under North Carolina law, the entire agreement must be read to determine the intent of the parties. The court in *State v. Philip Morris USA, Inc.* 618 S.E.2d 219 (N.C. 2005) stated that "intent is derived not from a particular contractual term but from the contract as a whole." Further, the Court in *DeMent v. Nationwide Mutual Insurance Company*, 544 S.E.2d 797 (N.C.App. 2001) stated that "the intent of the parties is ascertained by construction of the terms of the contract as a whole, construed in the light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish." The City seeks to enforce in isolation a singular provision of the Arbitration Agreement; however, in order to ascertain the intent of that provision, the agreement as a whole needs to be examined.

The Arbitration Agreement specifically provides that the arbitration "will be pursuant to Federal Arbitration Act." The Federal Arbitration Act, 9 U.S.C. §§ 10, 11 and 12, specifically provide the means by which arbitration awards may be reviewed, vacated or modified. The Arbitration Agreement does not contain a provision whereby either MCI or National Union waived its rights pursuant to 9 U.S.C. §§ 10, 11 and 12. The City cites the provision in the Arbitration Agreement which states:

> National Union may attend but shall not participate in the arbitration. National Union by the execution hereof agrees to be bound to pay any award in favor of the City against MCI within thirty (30) days of the arbitrators' award. National Union agrees

> not to further contest any issues raised in the pending litigation to date or in the Arbitration(s).

As agreed, National Union did not participate in those arbitrations, and National Union did not contest any issues raised in those arbitrations. However, National Union did not waive its rights pursuant to 9 U.S.C. §§ 10, 11 and 12 to have the awards reviewed by this Court.

Furthermore, MCI did not waive its rights to have the awards reviewed, vacated or modified pursuant to 9 U.S.C. §§ 10, 11, and 12. Clearly, "any award in favor of the City against MCI" means a final and binding award against MCI under any reasonable interpretation when reading the agreement as a whole. To conclude otherwise would, in essence, also strip MCI of its rights pursuant to 9 U.S.C. §§ 10, 11 and 12 because MCI's guarantor would be obligated to pay the awards, thereby triggering MCI's obligations of reimbursement prior to the awards becoming final and binding as to MCI.

The liability of a guarantor does not arise until the liability of the primary obligor has been established. Pursuant to the Arbitration Agreement, National Union only agreed to be bound to pay an award against MCI, and as such, National Union became a guarantor. Pursuant to North Carolina law, a guarantor's liability arises only at the time that the principal debtor on an obligation that the guarantee covers defaults. *Hudson v. Game World, Inc.*, 484 S.E.2d 435 (N.C.App. 1997). The guarantor's duty of performance is only triggered at the time of the primary obligor's default. *Branch Banking & Trust Company v. Creasy*, 269 S.E.2d 117 (N.C. 1980). The Court in *Forsyth County Hospital Authority, Inc. v. Sales*, 346 S.E.2d 212 (N.C.App. 1986) stated:

> A guarantee is a promise to answer for the payment of some debt, or the performance of some duty, in the case of the failure of

> another person **who is liable in the first instance** for such payment or performance. (*cites omitted*). (emphasis supplied).

Until there is an award that is final and binding against MCI, National Union's obligations under the Arbitration Agreement as MCI's guarantor do not arise.

Furthermore, North Carolina has addressed the "bound to pay" language in *Henry Angelo and Sons, Inc. v. Property Development Corporation,* 63 N.C.App. 569, 306 S.E.2d 162 (N.C.App. 1983). Although that case dealt with dissimilar facts and issues, the Court recognized and cited Black's Law Dictionary 1611 (Rev. 4th Ed. 1968), wherein it stated that:

> lending of credit to aid a principal having insufficient credit of his own; the one expected to pay, having the primary obligation, being the "principal," and the one **bound to pay, if the principal does not**, being the "surety." (Emphasis supplied)

Until the arbitration awards are final and binding against MCI, and MCI has an obligation to pay the awards, National Union is not bound to pay the awards. There is no other reasonable interpretation of the Arbitration Agreement when read as a whole.

IV. Enforcement of a Contractual Provision Requiring a Guarantor to Pay an Obligation Prior to the Obligation Being Final and Binding Against the Primary Obligor is Against Public Policy and is Void and Unenforceable.

As conceded by the City, the Arbitration Agreement is subject to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* The Federal Arbitration Act specifically provides for judicial review of any arbitration awards pursuant to 9 U.S.C. §§ 10, 11 and 12. 9 U.S.C. § 9 specifically provides that this Court can confirm an award "unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this title." To enforce the awards at this time against a non-party to the arbitration, National Union,

until such time as the awards are final and binding against MCI, would be in contravention of 9 U.S.C. § 9 and violate public policy.

The City contends that the Arbitration Agreement provides that MCI's guarantor, National Union, is bound to pay the awards prior to the awards becoming final and binding against the primary obligor, MCI, and prior to MCI exercising its rights under the Federal Arbitration Act to have the awards reviewed. If this is correct, the Arbitration Agreement is therefore illegal, void and unenforceable as against public policy. The City seeks to have this Court determine that the Arbitration Agreement strips the parties of their rights pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* Clearly, North Carolina law supports the proposition that agreements against public policy are illegal, void and unenforceable. *See Cauble v. Trexler*, 42 S.E.2d 77 (N.C. 1947); *Glover v. Rowan Mutual Fire Ins. Co.*, 45 S.E.2d 45 (N.C. 1947); *Standard Fashion Company v. Grant*, 81 S.E. 606 (N.C. 1914); and *State ex rel. Utilities Com'n v. Carolina Water Service, Inc. of North Carolina,* 562 S.E.2d 60 (N.C.App. 2000).

**CONCLUSION**

The arbitration awards against MCI cannot be confirmed against National Union pursuant to 9 U.S.C. § 9.

Procedurally, the Court cannot at this time rule upon the rights and obligations of the parties pursuant to the Arbitration Agreement and make any rulings with respect to breaches, specific performance or damages until such time as causes of action associated with the Arbitration Agreement have been properly brought and plead before this Court.

Despite the foregoing, and without waiving the procedural deficiencies, the only reasonable interpretation of the Arbitration Agreement is that National Union, as

guarantor, is only bound to pay the obligations of MCI, as primary obligor, at such time that MCI is itself obligated to pay and has defaulted.

To enforce the arbitration awards against National Union prior to the awards becoming final and binding against MCI is in contravention of the Federal Arbitration Act and thus illegal, void and unenforceable as against public policy.

Based upon the foregoing, National Union requests that this Court deny the City's Application to Confirm the Arbitration Awards and Motion for Entry of Judgment against National Union.

This the 10th day of July, 2008.

Respectfully submitted,

/s/ Thomas A. Farr

Thomas A. Farr
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2301 Sugar Bush Road
Suite 600 (27612)
P.O. Box 31608
Raleigh, North Carolina 27622
(919) 787-9700

and

John M. Gillum
MANIER & HEROD
150 Fourth Avenue North
Suite 2200
Nashville, TN 37219
(615) 244-0030
Attorneys for National Union Fire Ins. Co. of Pittsburgh, PA

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been furnished via first class mail, postage pre-paid upon:

Steve M. Pharr
Stacey D. Bailey
Pharr & Boynton, PLLC
2720 Georgetown Drive
Winston-Salem, NC 27106
*Attorneys for Hazen and Sawyer*

William P.H. Cary, Esq.
Michael D. Meeker, Esq.
John M. DeAngelis, Esq.
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
230 North Elm Street
Suite 200
P.O. Box 26000
Greensboro, NC 27420-6000
*Attorneys for City of Greensboro*

C. Allen Foster, Esq.
Eric C. Rowe, Esq.
David S. Panzer, Esq.
Greenberg, Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Attorneys for Plaintiff

Robert M. Moore, Esq.
Charlie C.H. Lee, Esq.
Moore & Lee, LLP
1750 Tysons Blvd., Suite 1160
McLean, VA 22102-4225
*Attorneys for MCI Constructors, LLC*

on this the 10th day of July, 2008.

/s/ Thomas A. Farr
Thomas A. Farr
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2301 Sugar Bush Road
Suite 600 (27612)
P.O. Box 31608
Raleigh, North Carolina 27622
(919) 787-9700