IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | | |
|---|---|---|
| MCI CONSTRUCTORS, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:99CV2 |
| HAZEN AND SAWYER, P.C. | ) | |
| Defendant. | ) | |


| | | |
|---|---|---|
| MCI CONSTRUCTORS, LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:02CV396 |
| CITY OF GREENSBORO, N.C. | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

OSTEEN, JR., District Judge

Presently before the court are Defendant's motions to confirm two arbitration awards and enter judgment against Plaintiff and Third Party Defendant. (1:99cv2, Docs. 527, 537, 539); (1:02cv396.)[1] For the reasons set forth herein,

---

[1] The court notes that Defendant's motions were clearly intended to be filed in both cases (1:99cv2 and 1:02cv396), as shown by the case numbers on the captions of the motions. However, Defendant's motions were filed on CM/ECF in the 1:99cv2 case only. In light of the fact that Plaintiff and Third Party

Defendant's motions to confirm and enter judgment will be GRANTED.

I. **Facts**

The general background of this case has been set forth in the previous memorandum opinions associated with this matter dated March 24, 2000, October 6, 2000, January 18, 2001, September 6, 2001, and November 1, 2002.[2]

On January 16, 1996, Defendant, the City of Greensboro, North Carolina ("Defendant" or "City"), and Plaintiff, MCI Constructors LLC ("Plaintiff" or "MCI"), entered into a construction contract (the "Contract") for the expansion and upgrade of the T.Z. Osborne Wastewater Treatment Plant in Greensboro, North Carolina (the "Project"). (Pl.'s Am. Compl. (Doc 245) ¶ 18.) In connection with the Contract, MCI arranged for National Union Fire Insurance Company of Pittsburgh, PA ("Third Party Defendant" or "National Union") to issue a performance bond to guarantee MCI's satisfactory completion of the Project. (Def.'s Am. Countercl. (Doc. 246) ¶ 26.) Hazen and

---

Defendant responded to the motions in both cases, this court takes notice of the apparent oversight and deems the motions to be filed in both cases. The docket numbers noted in the remainder of this memorandum opinion refer to documents associated with case number 1:99cv2, not case number 1:02cv396.

[2] The Honorable William L. Osteen, Sr. presided over this case until September, 2007. Subsequently, Judge Osteen, Sr. retired and the case was assigned to the undersigned court.

Sawyer, P.C. ("Hazen & Sawyer") managed the Project, serving as "project engineer." (Pl.'s Am. Compl. (Doc 245) ¶ 8.)

After several construction delays, on June 16, 1998, City terminated MCI's performance under the Contract "for cause." (Def.'s Mot. to Dismiss, Answer, & Countercls. to Second Am. Compl. (Doc. 252) ¶ 101.) Shortly thereafter, MCI sued City for breach of contract. (Pl.'s Am. Compl. (Doc. 245) ¶¶ 178-84, 211-33.) MCI also sued Hazen & Sawyer for negligence and tortious interference. (Id.)[3]

On September 10, 2003, City moved for summary judgment against National Union. (Doc. 307.) On March 10, 2004, the court granted City's motion. (Doc. 413.)[4] The court found that National Union, as MCI's performance bond guarantor, was obligated to pay any award granted against MCI and in favor of City. (See id.)

The court's summary judgment decision was subsequently appealed to the Fourth Circuit Court of Appeals. (See Doc. 418.) In affirming the court's decision with regard to National Union, the Fourth Circuit found that there was no genuine issue of material fact as to National Union's obligation to City as MCI's performance bond guarantor. (See Doc. 432.)

---

[3] MCI asserted other claims against City and Hazen & Sawyer as well.

[4] National Union also moved for summary judgment against City. (Doc. 283.) The court denied that motion. (Doc. 413.)

3

On January 26, 2006, City, MCI, and National Union advised the court that they had entered an arbitration agreement (the "Arbitration Agreement") to resolve "all outstanding issues between them." (Doc. 490.) The Arbitration Agreement provided that a "final and binding" bifurcated arbitration proceeding would be conducted pursuant to the Federal Arbitration Act (the "FAA"). (Pl.'s Mot. to Vacate (Liability Award) Ex. A (Doc. 497-2) at 1-2.) The first phase of the proceeding would be conducted to determine whether MCI's performance was wrongfully terminated by City (the "Liability Phase"). (Id. at 2-3.) The second phase would be conducted to determine the amount either City or MCI was entitled to recover under the Contract (the "Damages Phase"). (Id.) With regard to National Union, the Arbitration Agreement stated that

> National Union may attend but shall not participate in the arbitration. National Union by the execution hereof agrees to be bound to pay any award in favor of the City against MCI within thirty (30) days of the arbitrators' award. National Union agrees not to further contest any issues in the pending litigation to date or in the Arbitrations.

(Id. at 4.) As stated, the court's summary judgment decision (Doc. 413) had already established National Union's liability to City in the event of a judgment against MCI. The only issue remaining for determination with regard to National Union was the amount of its liability. Hazen & Sawyer was not a party to the agreement. (See id.)

4

After entering the Arbitration Agreement, City, MCI, and National Union filed a joint motion to stay the matter pending the conclusion of the arbitration. (Doc. 490.) On February 7, 2006, the court granted the parties' motion. (Doc. 494.) The court also ordered that the litigation involving Hazen & Sawyer be stayed until the conclusion of the arbitration. (Id.)

City and MCI then participated in an arbitration proceeding before a three-member panel of arbitrators (the "Panel"). The Panel ultimately ruled in City's favor. At the conclusion of the Liability Phase, the Panel found that City's termination of MCI's performance was "for cause" (the "Liability Award"). (Notice of "Arbitration Award" and Motion to Continue Stay in Place Until Completion of the Entire Arbitration Proceeding Ex. A (Doc. 499-2) at 2.) Similarly, upon completion of the Damages Phase, the Panel found that City was entitled to recover $14,939,004[5] from MCI in damages (the "Damages Award") (Liability Award and Damages Award collectively referred to as the "Awards"). (Def.'s Notice of Arbitration Award Ex. A (Doc. 503-2) at 2.)

Subsequently, MCI moved to vacate the Awards (Docs. 497, 541) and remand the Damages Award (Doc. 535). Likewise, National

---

[5] Plus interest at the federal judgment rate from the date of the City Manager's damages decision. (Def.'s Notice of Arbitration Award Ex. A (Doc. 503-2) at 2.)

5

Union moved to vacate the Damages Award. (Doc. 548.)[6] On March 9, 2009, the court denied MCI and National Union's motions. (Docs. 574, 575.) About this same time, City moved to confirm the Awards and enter judgment against MCI and National Union. (Docs. 527, 537, 539.)

## II. Discussion

### A. Confirmation of the Awards

"The FAA mandates a summary procedure modeled after federal motion practice to resolve petitions to confirm arbitration awards." Trans Chemical Ltd. v. China Nat'l Mach. Import & Export Corp., 978 F.Supp. 266, 303 (S.D. Tx. 1997). "[A]t any time within one year after [an arbitration] award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. An application for confirmation of the award is treated as a motion, "obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court. Under the terms of § 9 [of the FAA], a court 'must' confirm the arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." Hall Street Assoc., L.L.C. v. Mattel, Inc., __ U.S. __, 128 S.Ct. 1396, 1402 (2008) (internal citation omitted).

---

[6] The court notes that MCI did not move to remand the Liability Award. Further, National Union neither moved to vacate the Liability Award nor remand any of the awards.

6

In the case at bar, City is entitled to confirmation of the Awards pursuant to section nine of the FAA. City's motions to confirm the Awards were timely. The Panel notified the parties of its liability and damages determinations on June 20, 2007, and April 17, 2008, respectively. (Notice of "Arbitration Award" and Motion to Continue Stay in Place Until Completion of the Entire Arbitration Proceeding Ex. A (Doc. 499-2) at 2); (Def.'s Notice of Arbitration Award Ex. A (Doc. 503-2) at 2.) City moved to confirm the Awards on June 17, 2008, that is, within one year of the dates on which the Awards were issued. Further, the Awards have not been "vacated, modified, or corrected," see Hall Street, 128 S.Ct. at 1402, as this court has already denied MCI and National Union's motions to vacate and/or remand the Awards (Docs. 574, 575).[7]

---

[7] The court rejects MCI and National Union's arguments that National Union is not a party to the Arbitration Agreement and the Awards cannot be confirmed against National Union. (See Pl.'s Resp. to Def.'s Application to Confirm Arbitration Awards & Mot. for Entry of J. Against National Union (Doc. 554) at 4-6.) National Union represented to the court that it was a party to the agreement when it, along with MCI and City, filed a joint motion to stay the matter pending the arbitration of the parties claims. (Doc. 490 ("MCI, the City, and National Union have entered into a binding Arbitration Agreement to resolve all issues between them currently pending in this Court . . . .").) Moreover, at an oral argument hearing on pending motions held on January 26, 2009, National Union conceded that it is a party to the agreement.

7

B.  **Entry of Judgment**

"Federal Rule of Civil Procedure 54(b) allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties . . . ."  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).  Entry of judgment pursuant to Rule 54(b) involves two steps.  Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993).  "First, the district court must determine whether the judgment is final."  Id.  "[A] judgment 'must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  Id. (quoting Curtiss-Wright, 466 U.S. at 7) (internal citation and quotation marks omitted).  "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment."  Id.

"[I]n deciding whether there are no just reasons to delay . . . a district court must take into account judicial administrative interests as well as the equities involved."  Curtiss-Wright, 446 U.S. at 8.  Courts generally consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5)

8

miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell, 2 F.3d at 1335-36.

In the present case, the court finds that judgment should be entered pursuant to Rule 54(b). Judgment in the instant matter is "final." The claims as between City and MCI and City and National Union have been ultimately resolved through arbitration. As previously stated, the Awards that were the byproduct of that arbitration will be confirmed by this court.

Additionally, there is no just reason to delay judgment until the Hazen & Sawyer litigation is resolved.[8] First, there are distinct differences between the factual and legal issues to be addressed in the two cases. Although the present matter and the Hazen & Sawyer litigation arise out of a common set of facts,

---

[8] At a hearing on pending motions held on January 26, 2009, MCI and National Union argued that the matter should be "stayed" until the Hazen & Sawyer litigation is resolved. In light of the fact that this case and the Hazen & Sawyer litigation are a part of the same action, the court interprets MCI and National Union's contention as an argument that entry of judgment should be delayed. The court notes that the equitable factors employed to resolve whether judgment in a matter should be entered pursuant to Rule 54(b) are generally the same factors used by courts in determining whether to stay a matter. See Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335-36 (4th Cir. 1993) (listing the factors courts should consider when confronted with a Rule 54(b) motion); Ford Motor Credit Co. v. Chiorazzo, 529 F.Supp.2d 535, 542 (D.N.J. 2008) (discussing the factors courts use in determining whether to stay a matter). To the extent that MCI and National Union's argument can be construed as a motion to stay the matter, that motion is denied for the same reasons the court finds that judgment in this matter should not be delayed.

9

i.e., the circumstances surrounding City's termination of MCI's performance under the Contract, City, MCI, and National Union settled their dispute through arbitration. Accordingly, the remaining issues as to City and National Union are limited to whether the Awards are valid. See Patten v. Signator Ins. Agency, 441 F.3d 230, 234 (4th Cir. 2006) ("The process and extent of federal judicial review of an arbitration are substantially circumscribed."); Genus Credit Mgmt. Corp. v. Jones, No. JFM-05-3028, 2006 U.S. Dist. WL 905936, at *2 (D. Md. Apr. 6, 2006) ("An arbitration award is enforceable even if the award resulted from a misinterpretation of the law, faulty legal reasoning, or erroneous legal reasoning.") (citing Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31, 933 F.2d 225, 229 (4th Cir. 1991)). By contrast, Hazen & Sawyer was not a party to the Arbitration Agreement and did not participate in the arbitration proceeding. As a result, unlike in the matter at hand, the substantive dispute in the Hazen & Sawyer case is still the subject of litigation and the issues in that case do not involve the Arbitration Agreement or the arbitration proceeding. The dissimilar nature of the unresolved issues in the two cases are such that it does not appear that an appellate court would have to decide the same issues more than once even if there are subsequent appeals of both the cases.

Second, delaying the entry of judgment in the instant matter would not promote judicial economy. Seeing as there is virtually no overlap in the issues involved in the two cases, and the cases are at different stages of litigation,[9] delaying judgment in the present matter will not change this fact.

Third, the claims at issue in the Hazen & Sawyer litigation are sufficiently dissimilar from the claims in the instant case such that entry of judgment is appropriate. (See Pl.'s Am. Compl. (Doc 245).) For the majority of the claims as to Hazen & Sawyer in the complaint, Hazen & Sawyer is named as a sole defendant. Hazen & Sawyer is the sole defendant in Counts Six through Nine and in Count Sixteen.[10] (Id. at ¶¶ 211-33, 263-70.) Although Counts Seventeen through Nineteen allege fraud as to all the defendants, (id. at ¶¶ 271-90), these claims as to City and National Union have been resolved, (see Notice of "Arbitration Award" and Motion to Continue Stay in Place Until Completion of the Entire Arbitration Proceeding Ex. A (Doc. 499-2) at 2); (Def.'s Notice of Arbitration Award Ex. A (Doc. 503-2) at 2); (Docs. 574, 575). While it may be the case that the claims between MCI, City and Hazen & Sawyer were once "intimately

---

[9] That is to say, presumably, the next step in the present case is for the Fourth Circuit to review the matter, while the issues in the Hazen & Sawyer litigation must still be resolved at the trial-court level.

[10] Count Ten was dismissed at the summary judgment stage of the proceeding.

11

related," (Pl.'s Br. With Respect to Entry of J.(Doc. 576) at 3), the parties divided the claims and submitted them to two different forums, arbitration and federal court. As a result, the relationship between the claims was severed such that the results of the arbitration have no binding or preclusive effect on the litigation of the remaining claims as to Hazen & Sawyer. The need for review of this case will not be mooted by future developments in the Hazen & Sawyer litigation.

Finally, entering judgment pursuant to Rule 54(b) is equitable in that it fulfills the reasonable expectations of the parties. City, MCI and National Union intended for judgment in the instant matter to be entered before the conclusion of the Hazen & Sawyer litigation. The Arbitration Agreement between the parties explicitly provides that, "[a]t the <u>conclusion of the arbitration</u>, the award shall be confirmed and a judgment entered in the U.S. District Court for the Middle District of North Carolina." (Pl.'s Mot. to Vacate (Liability Award) Ex. A (Doc. 497-2) at 4 (emphasis added)); see <u>First Options of Chi. Inc. v. Kaplan</u>, 514 U.S. 983, 943 (1995) ("[A]rbitration is simply a matter of contract between the parties."); <u>Wheeler v. Dynamic Eng'g, Inc.</u>, 62 F.3d 634, 638 (4th Cir. 1995) (Under ordinary contract principles courts enforce the plain language of an agreement. Where a term in a contract is ambiguous the term is construed in accordance with the reasonable expectations of the

12

parties).[11] In sum, entry of judgment pursuant to Rule 54(b) is proper and just.[12]

III. Conclusion

For the reasons set forth above, Defendant's motions for confirmation and entry of judgment against Plaintiff (Docs. 527, 539) and Third Party Defendant (Doc. 537) are GRANTED. A judgment in accordance with this opinion will be filed contemporaneously herewith.

---

[11] National Union has previously been found liable, as MCI's performance bond guarantor, for any damages awarded in City's favor. (See Docs. 413, 432.) The original entry of summary judgment as to National Union specified an amount of $13,377,842.73, plus interest from February 5, 2003. (Doc 413.) After hearing the arguments of the parties as well as reviewing the language of the provision in the Arbitration Agreement as to National Union, this court finds that National Union's agreement relates to the amount of damages it must pay City as determined by the arbitration process. Therefore, upon confirmation of the Awards, judgment against National Union shall be entered in the arbitration amount, not the amount specified in the court's summary judgment decision (Doc. 413).

[12] The court notes that it declines to enter judgment against National Union "as enforcement of a settlement agreement." (See Def.'s Mem. in Support of Application to Confirm Arbitration Awards and Mot. for Entry of J. Against National Union Fire Insurance Company of Pittsburgh, PA (Doc. 537) at 9-13.) Whereas an arbitration agreement is a contract providing for the process by which parties will resolve a dispute, a settlement agreement is a contract resolving a dispute itself. In this case, the parties to the "Arbitration Agreement" bargained for the former, not the latter, as indicated by the name and objective of their agreement. In light of this fact, the court finds that City is entitled to entry of judgment against MCI and National Union pursuant to Rule 54(b) of the Federal Rules of Civil Procedure only.

13

This the 28th day of April 2009.

                                                         _William L. Osteen, Jr._
                                                         United States District Judge

14